# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 439
### BAER et al v. KUNDTZ CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4938. Decided March 3, 1924

**297. CONTRACTS—1.** Where parties intend that shipping instruction are to be given the complaining party must give such instructions before be can sue for a failure to ship.

2. Contract held an entire contract, although delivery was to be made at different times.

3. Where contract is breached, party can elect to rescind or ask for continued performance.

4. Question of reasonable time held one for court under facts of this case.—Time held not to be essence of the contract.

SULLIVAN, J.
#### Epitomized Opinion.
Published Only in Ohio Law Abstract

Baer and others brought an action against The Theodor Kundtz Co. for breach of contract, entered into on Nov. 3, 1919, wherein the defendant agreed to sell to plaintiffs 60 cars of oak lumber of different qualities, to-wit, red oak and white oak, and the terms of payment for lumber delivered under the contract were 2 per cent, 30 days from the date of shipment. No time or place of delivery were mentioned in the contract. Both parties seemed to have acted upon the theory that some form of oral or written instructions were necessary to carry out the agreement.

On Oct. 4, 1919, these instructions began and lasted until Aug. 19, 1920. Deliveries commenced with the instructions Oct. 16, 1919, and concluded on Oct. 30, 1920. It appeared that on Aug. 12, 1920, the defendant, in writing requested further shipping instructions, as previous instruction had been filled. This request was ignored and on Sept. 2, 1920, the defendant again, in writing, requested instructions for shipping and again the request was ignored. Similar circumstances occurred Oct. 14, 1920, Nov. 4, 1920, and Nov. 11, 1920. On Nov. 15, 1920, plaintiffs wrote the defendant a letter purporting to answer a former letter in which a claim for breach of contract was made "on account of your failure to deliver in accordance with the terms of the same, namely, within a reasonable time." The letter also contained a statement that the plaintiff would not accept any further shipments.

At this time 39 of the 60 cars had been delivered and accepted by plaintiffs and there was due to the defendants the sum of $4487.00. Plaintiffs then sued the defendant for breach of contract. The defendant, by way of cross-petition, sued for the sum still due it for lumber delivered. As the trial court directed a verdict for defendant and rendered judgment in its favor for the amount still due, plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. From the record in this case it appears that instructions were depended upon, and that time issued only from said instructions, and that the defendant substantially conformed to these instructions both as to amount of lumber and time and place of delivery. Therefore, as there was no evidence of a breach of the contract on the part of the defendant, no error was committed by the lower court in directing a verdict for the defendant.

2. The contract for 60 loads of lumber was an entire contract and was so treated by the parties, and the fact that delivery was to be made at different places or at different times does not destroy its character.

3. Where a contract is broken by one party, the other party has an election of continuing the contract or of treating the same as rescinded. If he chooses to continue performance, he loses his right to stop performance and sue for damages.

4. Under the facts of this case the question of reasonable time was a question for the court.

5. Under the facts of this case, time was not the essence of the contract.

Attorneys—Thompson, Hine & Flory, for Bear et; M. B. and H. H. Johnson, for Kundtz Company; all of Cleveland.